UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DONTOREUS DOUGLAS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No.: 1:23-cv-01106-STA-jay |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING § 2255 MOTION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Dontoreus Douglas has filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in criminal action number 1:17-cr-10040-STA. (ECF No. 1.) He seeks to overturn his conviction for using a firearm in relation to a crime of violence based on *Taylor v. United States*, 596 U.S. 845 (2022), which he alleges renders his conviction invalid. The Government has filed a response to the § 2255 motion. (ECF No. 13.) For the reasons set forth below, Defendant's § 2255 motion is **DENIED**.

**Background**

Defendant Douglas, a Gangster Disciple officer, was indicted in a superseding indictment by a Grand Jury sitting in the Western District of Tennessee for the following crimes: four counts of attempted murder in aid of racketeering activity ("VICAR attempted murder"), in violation of 18 U.S.C. § 1959(a)(5); four counts of discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c); and one count of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). (Sup. Ind., ECF No. 21.) The VICAR attempted murder charges were

predicated on a violent shooting that occurred in 2012 which resulted in Defendant's conviction for attempted violations of Tenn. Code Ann. § 39-13-210, the Tennessee statute for second-degree murder.[1] (*Id.*)

Defendant was also charged in a separate case (1:16-cr-10061-STA) with drug trafficking in violation of 21 U.S.C. § 841(a)(1) and with possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). He pled guilty to both counts and was sentenced in conjunction with this case on October 18, 2019. Defendant does not challenge his § 924(c) conviction for the 2016 drug trafficking crime.

On April 29, 2019, Defendant pled guilty to the first count of VICAR attempted murder and the corresponding count for using a firearm in relation to a crime of violence in this case. The plea agreement contained a provision stating that he was "knowingly and voluntarily" waiving his right to collaterally challenge his sentence under § 2255, with exceptions for claims relating to prosecutorial misconduct and ineffective assistance of counsel. Subsequently, on October 18, 2019, he was sentenced by this Court to 280 months' imprisonment.

Defendant appealed his convictions. The sole argument he raised on appeal was that he received erroneous advice from his attorney regarding the plea offer, which led to what he describes as an "involuntary plea" because he accepted a plea he would not have otherwise accepted. On September 15, 2020, the Sixth Circuit affirmed Defendant's sentence and found that this court did not commit plain error and that Defendant "knowingly and voluntarily entered his pleas." (Gov't Exb. 4, ECF No. 13.)

---

[1] As part of the Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, 98 Stat. 1976, Congress enacted the Violent Crimes in Aid of Racketeering Activity ("VICAR") statute, 18 U.S.C. § 1959, which, among other things, prohibits the commission of certain violent crimes "for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity." 18 U.S.C. § 1959(a).

2

**Discussion**

Defendant seeks to overturn his § 924(c) conviction, use of a firearm during a crime of violence. His § 2255 motion principally rests on *United States v. Taylor*, 596 U.S. 845 (2022), a Supreme Court decision which held that attempted Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c). He claims that, under *Taylor*, the federal definition of attempt cannot be used as a predicate for a crime of violence under § 924(c). He analogizes that, because an attempted Hobbs Act robbery is not a crime of violence, neither is VICAR attempted murder. According to Defendant, an attempt conviction under Tennessee's second-degree murder statute — which served as the basis for his VICAR attempted murder conviction — should not count as a crime of violence because the state statute's definition of attempt matches the federal definition of attempt (which, according to Defendant, is not a crime of violence after *Taylor*) and because the statute contains a type of killing that he says is nonviolent, *i.e.*, killing by way of unlawful drug distribution. He also claims that his plea agreement's "appeal waiver was not knowing or voluntary and is breached because *Taylor* establishes a fundamental defect and miscarriage of justice" as to his § 924(c) conviction.

The Court agrees with the Government that Defendant's motion fails for several reasons. First, he waived the right to collaterally challenge his conviction when he signed his plea agreement. Second, he procedurally defaulted on the arguments he raises in his motion because he did not previously raise them on appeal. And third, *Taylor* does not support his position.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). To establish an error of

3

constitutional magnitude a § 2255 movant "must demonstrate the existence of an error . . . which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993)).  For a defendant "to obtain relief under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."  *McWhorter v. United States*, 156 F.3d 1231 (6th Cir. 1998) (table) (citing *Reed v. Farley,* 512 U.S. 339, 348 (1994); *United States v. Todaro,* 982 F.2d 1025, 1028 (6th Cir. 1993) (per curiam)).

As pointed out by the Government, Defendant is not entitled to § 2255 relief because he knowingly and voluntarily waived his right to file this motion. A waiver of the right to bring a § 2255 motion is generally enforceable. *See Portis v. United States*, 33 F.4th 331, 335 (6th Cir. 2022). "A defendant may waive any right, even a constitutional one, in a plea agreement," so long as that agreement was entered "knowingly and voluntarily." *Id.*; *see also Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017) (citation omitted). Even "[s]ubsequent developments in the law that would make a right to bring a postconviction challenge more valuable do not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." *Id.* (quotation marks omitted). That is, "a voluntary plea of guilty intelligently made in light of the then applicable law ... does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Id.* (citing *Brady v. United States*, 397 U.S. 742, 757 (1970)). Indeed, "waiver[ ] of the right to appeal" "would amount to little if future changes in the law permitted the benefitted party nonetheless to appeal." *Id.* (quotation marks and citation omitted).

4

Here, "it plainly appears from [his] motion" that Defendant is not entitled to relief because his claim is barred by his § 2255 waiver. *See* Rules Governing Section 2255 Proceedings in the United States District Courts Rule 4(b); *see also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973). Defendant knowingly and voluntarily entered a plea agreement waiving his right to file his § 2255 motion. Even though he has identified a possibly relevant development in the law making the ability to collaterally attack his conviction more valuable, *i.e.*, *Taylor*, the waiver in his plea agreement still bars his motion. *See Portis*, 33 F.4th at 335 ("Subsequent developments in the law that would make a right to bring a postconviction challenge more valuable do not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature.") Because Defendant's valid plea agreement precludes his request for relief, the Court denies his motion on that basis. *See United States v. Griffin*, 854 F.3d 911, 914 (6th Cir. 2017) ("It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement.")

Proceedings under § 2255 are not a substitute for direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Therefore, "the general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice¨ to excuse the procedural default. *Id.* Thus, claims that were not previously raised on direct appeal are procedurally defaulted, which means that they cannot be argued for the first time in a § 2255 motion. *See*, *e.g.*, *Gibbs v. United States*, 655 F.3d 473, 475 (6th Cir. 2011). However, a defendant may also seek to overcome the default on the ground "that he is 'actually innocent'" of the crime of conviction. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Accordingly, a procedural default can be excused if the defendant can show either (1) cause and prejudice or (2) actual innocence. *See Peveler v. United*

5

*States*, 269 F.3d 693, 698 (6th Cir. 2001) ("A procedurally defaulted claim, absent a showing of cause and prejudice or actual innocence, cannot give rise to relief under § 2255."). Here, Defendant has not argued actual innocence. Thus, the issue is whether he has established cause and prejudice.

Defendant attempts to establish cause by pointing out that it would have been futile for him to challenge the classification of attempted murder as a "crime of violence" under § 924(c) before *Taylor* came out. To the contrary, the Supreme Court has rejected that line of reasoning, stating that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). Moreover, even before *Taylor* was decided in June 2022, several district courts within this Circuit had confronted the issue of whether attempted murder constitutes a "crime of violence" under § 924(c). *See, e.g.*, *Milton v. United States*, 2022 WL 196299, at *9 (W.D. Tenn. Jan. 21, 2022) (stating that attempted murder in violation of Tenn. Code Ann. § 39-13-201 is a crime of violence under § 924(c) because it has as an element the attempted use of physical force); *Clark v. United States*, 2020 WL 7383308, at *2 (E.D. Mich. Jan. 16, 2020) (concluding that the defendant's attempted murder convictions were predicate offenses for a § 924(c) conviction). Therefore, Defendant cannot establish cause for his default. As for prejudice, Defendant asserts that *Taylor* "establishes a fundamental defect and miscarriage of justice" as to his § 924(c) conviction. However, as explained below, *Taylor* does not support Defendant's motion, and, thus, he cannot show prejudice. Consequently, procedural default bars Defendant's motion.

Defendant's motion also fails substantively. The Government is correct that Defendant's VICAR attempted murder conviction is still a crime of violence under § 924(c), even after *Taylor*.

6

Section § 924(c)(1)(A) proscribes the use of a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is defined in § 924(c)(3)(A) as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." This provision is sometimes called the elements clause, since "the clause poses the question whether the federal felony at issue has as an element the use, attempted use, or threatened use of physical force." *Taylor*, 596 U.S. at 848–50.  The statute contains a separate provision known as the "residual clause," which provides that a crime of violence is a felony that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).  Because the residual clause has been determined to be unconstitutionally vague, *see United States v. Davis*, 588 U.S. 445 (2019), courts now consider only § 924(c)'s elements clause in deciding whether an offense is a crime of violence.

In determining whether a crime falls within § 924(c)(3)(A)'s definition, courts apply a "categorical approach." *See Alvarado-Linares v. United States*, 44 F.4th 1334, 1342 (11th Cir. 2022) ("Ordinarily, we use a categorial approach to determine whether a predicate offense is a "crime of violence" under the elements clause.") Under the categorical approach, courts "look only to the elements of the offense set forth in the statute itself, rather than the particular facts of the defendant's case." *United States v. Martin*, 2023 WL 2755656, at *2 (6th Cir. 2023) (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)). But in cases where the criminal statute at issue is divisible — meaning it "sets out one or more elements of the offense in the alternative" and therefore defines multiple potential crimes — courts apply a modified categorical approach. *Id.* at *2 (citing *Descamps v. United States*, 570 U.S. 254, 257 (2013)). While the categorical approach confines the courts to look only at the statutory elements, the modified categorical

7

approach allows the court to look beyond the elements of the statute "to a limited class of documents — including the indictment, jury instructions, plea agreement, and plea colloquy — to determine which specific crime, with which elements, a defendant was convicted of" in a divisible statute. *Id.*; *see also Allen v. United States*, 2023 WL 4145321, at *3 (6th Cir. June 23, 2023); *Braden v. United States*, 817 F.3d 926, 932 (6th Cir. 2016).

Here, the Court will use the modified categorical approach because Defendant was convicted of violating 18 U.S.C. § 1959(a)(5), the VICAR statute, based on an attempted violation of Tenn. Code Ann. § 39-13-210. Both statutes are divisible. The VICAR statute lists multiple acts, *e.g.*, murder, kidnapping, maiming, assault with a dangerous weapon, as well as attempting to commit any of those acts, that each qualify as a crime. *See* 18 U.S.C. § 1959(a); *United States v. Pastore*, 83 F.4th 113, 119 (2d Cir. 2023) (holding that the modified categorical approach applies to substantive VICAR offenses). Similarly, because the Tennessee second-degree murder statute enumerates multiple potential crimes such as a knowing killing of another, a killing of another by way of unlawful distribution of a Schedule I or Schedule II drug, and a killing of another by way of unlawful distribution or delivery or dispensation of fentanyl or carfentanil, it is also divisible. *See* Tenn. Code Ann. § 39-13-210(a)(1)–(3); *see also Martin*, 2023 WL 2755656, at *2–5 (concluding that the statute is divisible).

In regard to the predicate state crime, Defendant argues that the superseding indictment charged him with attempted violations of § 39-13-210 generally, without mentioning a specific subsection. However, the superseding indictment also charged him with using and carrying a firearm in relation to his federal offenses. This matches the "knowing killing" subsection of § 39-13-210(a)(1), which defines second-degree murder as a "knowing killing of another." *See Martin*, 2023 WL 2755656, at *5 (finding that, although the indictment charged violations of §

8

39-13-210 generally, the district court correctly determined that the defendant was convicted under § 39-13-210(a)(1) based on the language of the charged counts).

Moreover, Defendant's convictions required proof of "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Courts have determined that the completed crime of murder always requires the use of physical force. A "criminal cannot commit murder by threat. Instead, the completed crime of murder always requires the use of physical force because it is impossible to cause death without applying force that is capable of causing pain or physical injury." *Alvarado-Linares*, 44 F.4th at 1346–47 (internal quotation marks omitted); *Pastore*, 83 F.4th at 120 ("There is no question that intentionally causing the death of another person involves the use of force."); *United States v. Lassiter*, 96 F.4th 629, 636 (4th Cir. 2024) (concluding that second-degree murder is a crime of violence because it "necessarily requires conduct that uses physical force against another"). Additionally, the Sixth Circuit has determined that a conviction under Tenn. Code Ann. § 39-13-210(a)(1) is a crime of violence in the context of whether a defendant was a career offender under the Sentencing Guidelines. *See, e.g., United States v. Jackson*, 2021 WL 7909375, at *2 (6th Cir. 2021) (finding that a "knowing killing" under § 39-13-210(a)(1) is "categorically a crime of violence"); *see also Martin*, 2023 WL 2755656, at *5–7.

The completed crime of murder requires the use of physical force, *a fortiori*, an attempt to commit murder necessarily involves the attempted use of physical force. *See AlvaradoLinares*, 44 F.4th at 1347 ("Because the completed crime of murder has as an element the use of force, the attempt to commit murder has as an element the attempted use of force."); *Pastore*, 83 F.4th at 120 ("[B]ecause second-degree murder under New York law is a crime of violence, there can be no doubt that attempt to commit second-degree murder under New York law is itself

categorically a crime of violence."); *Lassiter*, 96 F.4th at 636 (determining that "attempting to commit murder under Virginia law is also a crime of violence"). A "knowing killing" under § 39-13-210(a)(1) is "categorically a crime of violence" as determined in the Sixth Circuit's decision in *Jackson*, 2021 WL 7909375, at *2; thus, it necessarily follows that an attempt to violate § 39-13-210(a)(1) is also a crime of violence under § 924(c). *See Martin*, 2023 WL 2755656, at *5–7 (concluding that the defendant's conviction for attempted second-degree murder under § 39-13-210(a)(1) is a crime of violence).

This is likewise true for Defendant's federal conviction for VICAR attempted murder. The Sixth Circuit has even categorized VICAR attempted murder as a crime of violence under § 924(c)'s elements clause. *See United States v. Woods*, 14 F.4th 544, 552 (6th Cir. 2021) (stating in response to the defendants' arguments that their underlying convictions were not predicate offenses under § 924(c) "both VICAR attempted murder and VICAR assault with a dangerous weapon are crimes of violence" under the elements clause). Thus, Defendant was properly convicted of using a firearm during a crime of violence, in violation of § 924(c).

Defendant argues that *Taylor*, which held that an attempted Hobbs Act robbery is not a crime of violence under § 924(c), means that VICAR attempted murder is also not a crime of violence. However, Hobbs Act robbery and VICAR attempted murder are distinguishable. A Hobbs Act robbery is the "unlawful taking or obtaining of personal property from the person . . . of another, against his will, by means of actual or threatened force." 18 U.S.C. § 1951(b)(1). Thus, to secure a conviction for a Hobbs Act robbery, the Government does not have to prove that a defendant used force, since a showing that he merely threatened to use force suffices. That means that the Government can secure a conviction for an attempted Hobbs Act robbery by proving that the defendant attempted to threaten to use force, which is not a crime of violence

10

under § 924(c) because the elements clause asks the question whether the felony offense at issue "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Attempted murder is different because, as discussed above, every attempt to commit murder necessarily involves the attempted use of force against another. *See, e.g., Pastore*, 83 F.4th at 121–22 ("Because Delligatti's conviction for attempted murder in aid of racketeering under 18 U.S.C. § 1959(a)(5) is premised on the predicate crime of attempted murder under New York law, which constitutes a crime of violence as defined in the elements clause of section 924(c), we conclude that Delligatti's conviction for attempted murder in aid of racketeering under section 1959(a)(5) is necessarily a crime of violence."); *Alvarado-Linares*, 44 F.4th at 1348 ("Because one cannot attempt . . . federal murder without attempting to use force, Alvarado-Linares was convicted of crimes of violence under the elements clause when he was convicted of VICAR attempted murder."). *Taylor* did not undermine the decision in *Woods* that VICAR attempted murder is a crime of violence under the elements clause.

Defendant argues that a conviction under Tenn. Code Ann. § 39-13-210 should not count as a crime of violence because it includes a type of killing (killing by way of unlawful drug distribution) that is nonviolent. However, that argument does not aid him because the statute is divisible, and he was convicted under a different subsection. He also argues that § 39-13-210's definition of "attempted" matches the federal definition. However, the current version of the statute, which was the same version that was in effect when Defendant was convicted, does not contain the words "attempt" or "attempted." *See* Tenn. Code Ann. § 39-13-210. So, this argument is unavailing. *See also United States v. Parham*, 2024 WL 4511825 (6th Cir. Oct. 17, 2024)

11

(holding that the defendant's Tennessee conviction for attempted second-degree murder constituted "crime of violence" under Sentencing Guidelines).

In summary, Defendant's § 2255 motion is **DENIED** because he waived the right to collaterally challenge his conviction when he signed his plea agreement, he procedurally defaulted on the arguments he raises in his motion because he did not previously raise them on appeal, and the substantive law does not support his position.

### Appeal Issues

A § 2255 movant may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the [motion] was denied on procedural grounds, the [movant] must show, 'at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the motion. Because any appeal by Defendant does not deserve attention, the Court **DENIES** a certificate of appealability.

12

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.[2]

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. Thomas Anderson
United States District Judge

Date:  November 26, 2024.

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.